## In re Anonymous No. 60 D.B. 75

Disciplinary Board Docket no. 60 D.B. 75.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

HENRY, *Chairman,* Pursuant to Pa.R.D.E. 218(c)(5), the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner was a member of the bar of [ ] County. In 1974 he was convicted of the crime of receiving stolen property by the Court of Common Pleas of [ ] County. As a result of this conviction, your honorable court entered an order on October 17, 1975 suspending petitioner from the practice of law and referring the matter to the Disciplinary Board for formal proceedings. On June 11, 1979 your honorable court entered an order accepting the recommendation of this board that petitioner be suspended from the practice of law for a period of five years retroactive to October 17, 1975. Petitioner filed a petition for reinstatement and a hearing was held. The hearing committee filed a report recommending that the petition be granted. No exceptions were filed by the Office of Disciplinary Counsel and the matter was referred to this board for review and recommendation to your honorable court. This board unanimously concurs in the opinion of the hearing committee and recommends to your honorable court that petitioner be reinstated.

## II. FINDINGS OF FACT

The hearing committee provided the Disciplinary Board with a very thorough report setting forth detailed findings of fact which are supported by the

evidence and adopted by this board as its own. For the convenience of the court they are set forth below.

1. On June 11, 1979 petitioner was suspended by the Supreme Court of Pennsylvania from the practice of law for a period of five years. The order was effective October 17, 1975, nunc pro tunc, and extended until October 17, 1980: Disciplinary Board Report, May 29, 1979, p. 1.

2. The basis for the suspension order was petitioner's having been found guilty in the [   ] County Court of Common Pleas in 1974 of the crime of receiving stolen property, in violation of the Crimes Code, 18 Pa.C.S.A. § 3925: Disciplinary Board Report, May 29, 1979, pp. 3-5.

3. On October 10, 1975 sentence was imposed on petitioner of five years probation. Petitioner was in addition ordered to pay a fine of $3,000, the cost of prosecution, and make restitution of $9,243.68: Disciplinary Board Report, May 29, 1979, p. 4.

4. On October 17, 1975 the Supreme Court entered an order suspending petitioner from the further practice of law in Pennsylvania and referring petitioner's conviction to the Disciplinary Board for formal proceedings of discipline.

5. On March 27, 1978 a petition for discipline was filed by Disciplinary Counsel against petitioner and a hearing was held thereon on June 5, 1978. The hearing resulted in a recommendation by the Disciplinary Board on May 29, 1979 that petitioner be suspended from the practice of law for a period of five years. Pursuant to said recommendation, the Supreme Court entered its June 11, 1979 order.

6. Petitioner is presently 42 years of age.

7. He resides at [   ], Pa.

8. He was born and raised in [   ], Pa., went to [   ]

College, and thereafter worked at a training school for retarded children in New Jersey: Disciplinary Board Report, May 29, 1979, p. 5.

9. He attended some classes at Temple University and thereafter went to law school at an accredited institution located out of state graduating from that school in 1964. He was admitted to that state's bar in the same year: Disciplinary Board Report, May 29, 1979, p. 5.

10. Following his graduation from law school, he practiced law for a brief time out of state and thereafter returned to Pennsylvania where he worked as corporate counsel for two companies: Disciplinary Board Report, May 29, 1979, p. 5.

11. Subsequently he went to work with [ ] Legal Services in [ ], [ ], and [ ] Counties: Disciplinary Board Report, May 29, 1979, p. 5.

12. In 1972 he went into the private practice of law in which he was engaged at the time of the events leading to his conviction of the crime of receiving stolen property: Disciplinary Board Report, May 29, 1979, p. 6.

13. At the time of his suspension in 1975, petitioner was practicing law in association with attorneys [A], [B], and [C].

14. By the time the sentence of probation was imposed in October 1975, for the most part petitioner's practice of law had ceased. After his sentencing he continued in the same law office doing paralegal work for attorney [A] as well as for attorney [D].

15. After a period of two years working as a paralegal, petitioner realized that he could not support his family on the income he was making.

16. In November 1977 he found employment with a chemical company. He began his employ-

ment there as a laborer and worked his way up to the position for warehouseman, assistant foreman in charge of inventory control and sales. At present he earns approximately $18,000 per year.

17. During the period of his suspension from the practice of law petitioner has made efforts to keep up with the law. Within the last eight to nine months he has read a number of current Pennsylvania Bar Institute publications and has maintained his associations with former colleagues in the bar for purposes of discussing legal issues. He has also done legal work on and off since 1977 without pay from time to time for attorney [E].

18. As of March 17, 1980 all fines and costs ordered to be paid by petitioner in his criminal action were paid.

19. Petitioner offered at the hearing the testimony of friends and colleagues, both from the time he practiced law and from his present place of employment whose testimony may be summarized to state: that petitioner is well regarded by all of them and had a good personal reputation; that he is a hard worker in his present job; that he was a highly competent attorney at the time he was engaged in the practice of law; that they are not aware of any negative feeling at the present about petitioner in the community or about his efforts to obtain reinstatement as a practicing attorney.

20. The [  ] County Bar Association Board of Directors at its meeting of May 9, 1980 voted that a recommendation be made to the Disciplinary Board against petitioner's reinstatement.

21. The matter of petitioner's petition for reinstatement was never presented to the entire membership of the [  ] County Bar for consideration of a recommendation for or against reinstate-

ment, although a special meeting of the bar could have been called for that purpose. Petitioner was never notified in advance that the Bar Board of Directors would meet to consider his petition for reinstatement.

22. The Board of Directors' vote was based upon the fact of petitioner's initial conviction and not upon any new factual information about petitioner arising from the time of his conviction and suspension from the practice of law.

23. Petitioner did not notify the out of state bar to which he belonged of his criminal conviction or suspension from the practice of law, although that state bar did learn of the conviction and suspension and is presently undertaking reciprocal disciplinary action.

24. Petitioner's reinstatement questionnaire contained the following errors or omissions:

24.1 With respect to question 1(e), petitioner has in the past used an alias, i.e., a variation of the initials of his own name.

24.2 Petitioner could not recall precisely what he had done in the way of complying with question (6)a. He did not have a copy of the letter he had sent to clients notifying them of his suspension pursuant to Pa.R.D.E. 217(b).

24.3 He omitted from his answer to question 10 three civil actions of which he was a party.

24.4 With respect to question 12, he failed to include the fact that he had received as income the following amounts: a $6,000 attorney's fee, but the fee may have been received after the time the questionnaire was filed; $1,366 in 1977 as rent from his house; $2,900 as rent in 1978 from his house; $3,028 in 1977 as interest from a savings account; $2,000 in 1977 as a judgment.

24.5 With respect to question 16, petitioner did not list his license to practice law in another state.

25. Petitioner stated that he had paid his fine and costs in December 1979 when in fact the fine and costs were paid March 4, 1980.

26. Petitioner filed with the Disciplinary Board on July 17, 1979 a statement of compliance with Pa.R.D.E. 217(d).

27. Attorney [E], one of petitioner's witnesses, recalled at the time of petitioner's suspenson seeing a form letter prepared by petitioner directed to clients notifying them of his suspension.

28. Petitioner stated that if reinstated he would want to return to the practice of law in [   ] County, Pa.

29. Petitioner stated that his health and mental state today are good.

## III. DISCUSSION

Pa.R.D.E. 218 places the burden of proof on a suspended attorney to establish that he has the moral qualifications, competency and learning in law required for admission to practice law in this Commonwealth and that the resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest. In the opinion of the hearing committee and this board, petitioner has clearly met this burden.

The record establishes that petitioner worked as a paralegal for a period of time following his suspension. When this was no longer economically feasible, he secured other employment starting as a common laborer and rising rapidly to a responsible supervisory position. Since that time he has performed additional paralegal services for other at-

torneys in [   ] County when time permitted. In addition, he took the initiative to read several Pennsylvania Bar Institute publications. A neighbor and several attorneys testified that he has acted responsibly and in a mature manner while living with the burden of his suspension. He has remarried and adopted a Korean child.

Disciplinary Counsel noted some errors and omissions in petitioner's reinstatement questionnaire. A number of these items had little, if any, relevanre to the issues to be resolved. It is understandable that they were overlooked. Other items that on the surface might appear relevant were adequately explained. The hearing committee properly concluded that no deceit or wilful misrepresentation was involved.

A letter was received from the Board of Directors of the [   ] County Bar Association stating that they opposed petitioner's reinstatement. However, petitioner was not notified of the meeting at which this matter was considered or given an opportunity to present his side of the issue. There was testimony to the effect that this position was based upon the seriousness of the original offense and not upon petitioner's subsequent conduct. It is not appropriate to deny a petitioner for reinstatement on the basis that the original discipline imposed was too lenient. The only proper consideration is whether or not, measured against the seriousness of the initial misconduct, the suspended attorney has demonstrated the capacity to avoid a repetition of his prior transgressions and properly engage in the practice of his profession. Several members of the [   ] County Bar testified on petitioner's behalf and indicated that this was the case.

In the opinion of the board, petitioenr has provided convicing proof that he has the requisite

learning in the law, judgment and emotional stability to return to the practice of law. He allears to have been strengthened by the ordeal of his suspension.

## IV.  RECOMMENDATION

For the reasons set forth above, the Disciplinary Board recommends to your honorable court that the petitioner be reinstated to the practice of law pursuant to Pa.R.D.E. 218 upon payment of the necessary expenses incurred in the investigation and processing of the petition as set forth on the attached schedule pursuant to Rule 218(e).

Messrs. Daniels and Johnson did not participate in the adjudication.

## ORDER

O'BRIEN, *C.J.*, And now, March 12, 1981, the recommendation of the Disciplinary Board of the Supreme Court of Pennsylvania dated January 8, 1981 is accepted; and it is ordered, that the suspension of petitioner, is terminated and he will be reinstated to the Bar of the Supreme Court of Pennsylvania and in all the courts under its supervisory jurisdiction, provided he retakes the usual oath of attorneys upon admission to the bar and pays the necessary expenses incurred in the investigation and processing of the petition for reinstatement.